**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHAMPAGNE METALS, an Oklahoma limited liability company, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>KEN-MAC METALS, INC., an Ohio corporation, ET AL., )<br>)<br>Defendants. ) | NO. CIV-02-0528-HE |

### ORDER

The parties have filed various motions in limine, some of which have not been previously addressed by the court.

The motion of defendant Integris Metals Inc. to exclude statements attributable to employees of Integris' predecessor entities [Doc. #531] is **DENIED**. Although the formation of Integris did not involve an unconditional merger or assumption of predecessor liabilities, it did involve, in substance, the acquisition of the aluminum distribution operations of each predecessor, the assumption of identified liabilities attributable to same, and, through somewhat different mechanisms, a shifting of the employees involved to Integris. In light of the substance of the transactions, the court concludes statements of employees of Vincent Metal Goods and RASCO will be evaluated for admissibility as if they were employees of Integris.

The motions of all defendants [Doc. #541] and of Reyerson Tull, Inc. [Doc. #545] to exclude various statements or other evidence are **DENIED**. The motions assert a wide range

of evidentiary objections — relevance, hearsay, unfair prejudice etc. — most or all of which depend on the precise nature of the evidence offered, the context of the statement, and the like. Some of the grounds for objection have been resolved by the court's intervening decision on coconspirator hearsay. In any event, the court concludes the indicated objections are not appropriate for disposition by a limine ruling; defendants may reassert the same at trial as appropriate.

Plaintiff has moved to exclude references to the previously excluded opinions of Dr. Murray or Mr. Wilsey [Doc. #685]. With respect to Dr. Murray, the parties appear to agree that, absent some unforseen development, his opinions will not be pertinent to this trial either substantively or as foreseeable impeachment. The motion is therefore **GRANTED** insofar as references to Dr. Murray are concerned; should unforseen developments occur, defendants must secure leave of court prior to pursuing references to Dr. Murray.

With respect to Mr. Wilsey, the motion is **DENIED**. References to Mr. Wilsey's excluded opinions or report as a means of directly proving any point to which his opinions or report pertain would likely be improper. However, it is conceivable that an officer of plaintiff might testify as to total damages claimed in such a fashion that reference to Mr. Wilsey's opinions would be proper impeachment. If, for example, a Champagne officer is permitted to testify that he thinks plaintiff's overall damages were of a certain amount, then plaintiff's earlier efforts to secure the admissibility of Mr. Wilsey's estimates (if they were lower) would be arguably inconsistent with the witness' estimate and potentially appropriate impeachment. The potential admissibility would flow not from the statement's status as an

admission of a party, but from the potential inconsistency of plaintiff's conduct in urging admissibility of Mr. Wilsey's presumably lower estimates with the estimate now being offered by the witness.  In any event, as scenarios potentially exist in which references to Mr. Wilsey's opinions might be proper, a blanket exclusion is not appropriate.

The defendants' motion to exclude tape recordings [Doc. #537] and defendant Ken-Mac Metal's motion to exclude testimony pertaining to comments allegedly made by Larry Parsons [Doc. #538] are **DENIED**.  Certain guidance as to the issues raised by them was noted at the pretrial conference, but an ultimate determination of the admissibility of each type of evidence must await the trial.

**IT IS SO ORDERED**.

Dated this 27th day of April, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE